UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUARN WHITE,<br><br>                     Petitioner,<br><br>    - against -<br><br>JOSEPH NOETH,<br><br>                     Respondent. | 19-cv-97 (KMK) (AEK)<br><br>**REPORT AND RECOMMENDATION** |

**TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.**

On January 4, 2019, the petition for a writ of habeas corpus filed by *pro se* Petitioner Equarn White, which originally was filed in the United States District Court for the Eastern District of New York, and initially was transferred to the United States District Court for the Western District of New York, was transferred to this Court. ECF No. 5; *see* ECF No. 1 ("Petition" or "Pet."). In the Petition, Petitioner challenges a December 9, 2015 decision arising out of a disciplinary proceeding at Green Haven Correctional Facility,[1] in which he was sentenced to one year in the special housing unit and loss of privileges (subsequently modified to 270 days), and loss of one year of good time credit; according to Petitioner, the sentence resulted in his not being released on August 18, 2018, which he alleges was his conditional release date. *See* Pet. at 17, 22; *see also* ECF No. 13-2 (State Court Record) at SR 349-51 (decision denying

---

[1] When the Petition was filed on October 22, 2018, Petitioner was incarcerated at Attica Correctional Facility. *See* Pet. at 1. In a note dated August 8, 2019, Petitioner informed the Court that he had been transferred to Clinton Correctional Facility. ECF No. 20. Then, in a note dated October 11, 2019, Petitioner informed the Court that he had been transferred to Fishkill Correctional Facility. ECF No. 21. Petitioner was thereafter released from custody, and he sent notes to the Court on November 25, 2019, and April 12, 2020, providing the Court with updated addresses in Brooklyn, New York. ECF Nos. 22, 23. The Court has not received any further updates to Petitioner's contact information.

Article 78 petition). Petitioner claims that the disciplinary hearing officer denied him due process both before and during his hearing, *see* Pet. at 11-17, and that the punishment imposed after the hearing likewise violated his right to due process, *see id.* at 22-23. Petitioner also claims that his rights to due process and equal protection were violated when the Appellate Division, Second Department denied his motion for poor person relief when he sought to appeal the denial of the Article 78 petition he had filed contesting the disciplinary hearing decision. *See id.* at 5, 23.

On April 22, 2019, Respondent filed his opposition to the Petition. ECF Nos. 13-15. Petitioner's reply was docketed on May 17, 2019. ECF No. 16.

According to Petitioner's profile in the Department of Corrections and Community Supervision ("DOCCS") "incarcerated lookup" database, Petitioner was granted conditional release to parole on November 25, 2019; the maximum expiration date of his sentence of incarceration was August 18, 2020, and the maximum expiration date for his post-release supervision was March 14, 2023. *See* Exhibit A.[2] Consequently, as explained below, the Petition is now moot. Therefore, I respectfully recommend that the Petition be dismissed with prejudice.

## DISCUSSION

### I.   Legal Standard for Mootness

The Court has no jurisdiction over any matter that does not present an actual, ongoing case or controversy pursuant to Article III, Section 2 of the United States Constitution. *See*, *e.g.*, *Untied States v. Vargas*, 63 F. App'x 592, 595 (2d Cir. 2003) (summary order) ("Article III,

---

[2] Petitioner's profile can no longer be found in the database. The document attached as Exhibit A to this Report and Recommendation is a true and correct copy of a print-out from the database that was generated by Court personnel on January 10, 2024.

Section 2 of the United States Constitution limits federal subject matter jurisdiction to those cases that present a 'case or controversy.'")[3]; *Williams v. Monroe Cnty. Jail Superintendent*, 730 F. Supp. 3d 30, 34 (W.D.N.Y. 2024). The constitutional requirement that there be an ongoing "case or controversy" means that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation marks omitted). "If the issues presented by the case are no longer live or the parties lack a legally cognizable interest in the outcome, the case is moot, thereby depriving the court of jurisdiction to hear it." *Williams*, 730 F. Supp. 3d at 34 (cleaned up) (citing *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989)). "[M]ootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016). "Once, as here, a petitioner's sentence has expired, 'some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.'" *Id.* at 217-18 (quoting *Spencer*, 523 U.S. at 7).

"When a petitioner challenges his [or her] criminal conviction, the Supreme Court has been willing to presume the existence of collateral consequences sufficient to satisfy the case or controversy requirement." *McCray v. Anderson*, No. 20-cv-2247 (VB), 2024 WL 4277673, at *3 (S.D.N.Y. Sept. 24, 2024) (quotation marks omitted). "However, where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences because comparable civil disabilities generally

---

[3] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Petitioner along with this Report and Recommendation.

do not arise from the length of a sentence." *Id.* (quotation marks omitted).  In the habeas context, if a petitioner's sentence ends before final adjudication of the habeas petition, any challenges to the validity of the sentence are mooted.  *See Lane v. Williams*, 455 U.S. 624, 631-33 (1982); *North Carolina v. Rice*, 404 U.S. 244, 248 (1971) (*per curiam*) ("Nullification of a conviction may have important benefits for a defendant, . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); *see also McCray*, 2024 WL 4277673, at *3 ("This court has repeatedly held that challenges to the validity of a sentence are mooted by the expiration of that sentence and thus not justiciable once the sentence has been served.") (quotation marks omitted).

## II. Analysis

Because the maximum expiration dates for both Petitioner's sentence of incarceration and his post-release supervision have expired, the Court must assess whether the Petition still presents a justiciable case or controversy.  Here, Petitioner's habeas claims are focused primarily on how his 2015 disciplinary hearing was conducted and the Appellate Division, Second Department's denial of his motion for poor person relief on appeal of the denial of his Article 78 petition.  Petitioner does not challenge either his underlying criminal conviction or his post-release supervision.  To the extent that Petitioner challenges his disciplinary sentence, including the loss of good time credit which allegedly resulted in him not being released on his conditional release date, the Petition may be read as challenging the duration of his sentence.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that state prisoners who had been deprived of good time credits as a result of internal disciplinary proceedings were required to file petition under 28 U.S.C. § 2254).  But any habeas claim related to the duration of Petitioner's sentence is

4

rendered moot by the expiration of both his sentence and his term of post-release supervision. *See Lane*, 455 U.S at 631-33; *Rice*, 404 U.S. at 248; *McCray*, 2024 WL 4277673, at *3.

The Petition therefore does not present an actual, ongoing case or controversy over which the Court may exercise its subject matter jurisdiction, and it should be dismissed as moot.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Petition be dismissed with prejudice as moot.

As the Petition presents no questions of substance for appellate review, I respectfully recommend that a certificate of probable cause should not issue. *See Rodriquez v. Scully*, 905 F.2d 24 (2d Cir. 1990) (*per curiam*); *Alexander v. Harris*, 595 F.2d 87, 90-91 (2d Cir. 1979) (*per curiam*). I further respectfully recommend that the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made by mail). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Kenneth M. Karas, United District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the Honorable Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must be directed to Judge Karas, and not to the undersigned.

**Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated: May 1, 2025
White Plains, New York

Respectfully submitted,

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Report and Recommendation has been mailed to Petitioner by Chambers at his address of record on the docket.

# Exhibit A

Department of Corrections and Community Supervision

Find an offender → Incarcerated Lookup

## Incarcerated Lookup

Start a New Search

### WHITE, EQUARN
**DIN:** 08A2234

| | | |
|---|---|---|
| Race/Ethnicity: | Date of Birth: | (age): |
| BLACK | 08/06/1983 | 40 years old |
| **Custody Status:** | | RELEASED |
| **Housing / Releasing Facility:** | | FISHKILL |
| **County of Commitment:** | | KINGS |
| **Date Received (original):** | | 04/23/2008 |
| **Date Received (current):** | | 04/23/2008 |
| **Admission Type:** | | |
| **Latest Release Date / Type (Released Only):** | | 11/25/19 PAROLE - COND REL TO PAROLE |

**Additional commitments to NYS DOCCS**
Scroll down to view all

| DIN | Name |
|---|---|
| 08A2234 | WHITE, EQUARN |
| 01A4976 | WHITE, EQUARN |

**Crimes of Conviction:** If all crime fields below contain data, there may be additional crimes not shown here. The crimes shown here are those with the longest sentences as of 01/10/2024)

| Crime | Class |
|---|---|
| ASSAULT 1ST | B |
| | |
| | |
| | |

## Sentence Terms and Release Dates

Under certain circumstances, an incarcerated may be released prior to serving their minimum term and before the earliest release date shown for the individual. As of 01/10/2024

| | |
|---|---|
| **Aggregate Minimum Sentence** | 0 Years, 0 Months, 0 Days |
| **Aggregate Maximum Sentence** | 14 Years, 0 Months, 0 Days |
| **Earliest Release Date** | |
| **Earliest Release Type** | |
| **Parole Interview Date** | |
| **Parole Interview Type** | FULL MAXIMUM |
| **Parole Eligibility Date** | |
| **Conditional Release Date** | NONE |

| | |
|---|---|
| **Maximum Expiration Date** | 08/18/2020 |
| **Maximum Expiration Date for Parole Supervision** | |
| **Post Release Supervision Maximum Expiration Date** | 03/14/2023 |
| **Parole Board Discharge Date** | |

Information Data Definitions are provided for most of the elements listed above.

**Department of Corrections and Community Supervision**   Accessibility   Contact   Disclaimer

Language Access   Privacy Policy