UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUARN WHITE,

                    *Petitioner*,

   v.

JOSEPH NOETH,

                    *Respondent*.

No. 19-CV-97 (KMK)

ORDER & OPINION

Appearances:

Equarn White
Brooklyn, NY
*Pro se Petitioner*

Lisa E. Flesichmann, Esq.
Kaufman Borgeest & Ryan LLP
Valhalla, NY
*Counsel for Respondent*

KENNETH M. KARAS, United States District Judge:

      On December 9, 2015, correctional officers at Green Haven Correctional Facility held a disciplinary hearing concerning a September 22, 2015, incident involving Equarn White ("Petitioner"). (*See* Dkt. No. 13-2 at SR 314.) Petitioner received a disposition of one year in the special housing unit and loss of privileges, which was later reduced to 270 days, and the loss of one year of good time credit. (*Id.* at SR 349.) The disposition was affirmed on administrative appeal. (*Id.*) Petitioner filed an Article 78 proceeding in Dutchess County Supreme Court, which was denied on August 1, 2016. (*Id.* at SR 349–51.)

      On October 22, 2018, Petitioner, proceeding pro se, filed a Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging the disciplinary hearing

disposition. (*See* Pet. (Dkt. No. 1).) Petitioner asserts that he was denied due process before and during his hearing, including an unreasonable delay in holding the hearing, bias on the part of participating correctional officers, and the denial of Petitioner's ability to call witnesses, receive documentary evidence or employee assistance, and that the punishment imposed also violated his right to due process. (Pet. 11–17, 22–23.) Petitioner also asserts that his rights to due process and equal protection were violated when the Appellate Division, Second Department denied his motion for poor person relief in connection with his attempt to appeal the denial of his Article 78 petition. (*Id.* 23.)

On February 6, 2019, the Court referred this matter to Magistrate Judge Lisa Margaret Smith. (*See* Dkt. No. 8.) On October 16, 2020, this matter was reassigned to Magistrate Judge Andrew E. Krause. (*See* Dkt. entry dated October 16, 2020.) On May 1, 2025, Judge Krause issued a Report and Recommendation ("R&R"), recommending that the Petition be denied. (*See* R&R (Dkt. No. 24).) No objections were filed.[1]

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Clark v. New York*, No. 22-CV-6635, 2024 WL 4003152, at *2 (S.D.N.Y. Aug. 30, 2024). The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby ORDERED that the Report and Recommendation, dated May 1, 2025, is ADOPTED in its entirety and that the Petition is DISMISSED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate

---

[1] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), objections to the R&R were due within fourteen days from the receipt of the R&R, and that the failure to object would constitute a waiver of either Parties' right to raise any objections to this R&R on appeal. (*See* R&R 5.)

of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000)), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner and close the case.

SO ORDERED.

Dated: May 22, 2025
      White Plains, New York

KENNETH M. KARAS
United States District Judge